**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4400**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TODD ALLEN ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Robert C. Chambers,
District Judge.  (2:05-cr-00106)

Submitted:  October 24, 2007        Decided:  November 16, 2007

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, David R. Bungard, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, United States Attorney, Kristina D. Raynes, Special
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Allen Robinson was sentenced to twenty-two months of imprisonment following his guilty plea to violating his supervised release. On appeal he argues that his revocation proceedings were conducted in violation of the notice requirements of Fed. R. Crim. P. 32.1(b)(2), and that his sentence is plainly unreasonable. For the reasons that follow, we affirm.

We find no reversible error committed by the district court regarding Rule 32.1. Moreover, we do not find that Robinson's sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006) (providing review standard), cert. denied, 127 S. Ct. 1813 (2007). Although the district court failed to specifically mention by name the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors applicable to supervised release, see 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2007), the court gave reasons for the sentence, which are mirrored in § 3553(a), and explained sufficiently why Robinson was given a sentence outside his advisory sentencing range. See Rita v. United States, 127 S. Ct. 2456, 2469 (2007) (noting that "[w]here a [sentencing] matter is . . . conceptually simple" and the record makes clear that the sentencing judge considered the evidence and arguments, "we do not believe the law requires the judge to write more extensively"); United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating sentencing courts need not "robotically

- 2 -

tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record") (internal quotation and citations omitted).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED